**SO ORDERED.**

**SIGNED this 6th day of November, 2014.**



BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| DOROTHEA OLLIE-BARNES | ) | Case No. 09-82198 |
| Debtor. | ) | |
| DOROTHEA OLLIE-BARNES | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 14-09004 |
| INTERNAL REVENUE SERVICE, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

This case came before the Court on July 18, 2014 on The United States' ("Defendant") Motion For Summary Judgment, filed on July 18, 2014 [Doc. # 19] (the "Motion for Summary Judgment").[1] Pursuant to Local Rule 7056(c), the Plaintiff was required to

[1] The Complaint and Summons in this case were issued to the Internal Revenue Service ("IRS"), rather than to the United States. Generally, the IRS cannot sue or be sued, and the proper party is the United States. Nevertheless,

file any responsive brief within 21 days of the filing of the Motion for Summary Judgment. The Plaintiff has not filed any response. Pursuant to Local Rules 7007-1(d) and 7056(g), the Court has considered and decided the motion as an uncontested motion based upon the pleadings, admissible evidence in the record, and the Motion for Summary Judgment. For the reasons set forth herein, the Court will grant the United States' Motion for Summary Judgment.

**FACTS**

Plaintiff and Debtor, Dorothea Ollie-Barnes, filed for Chapter 13 Bankruptcy on December 9, 2009. The bankruptcy case was completed and this Court entered a final decree on July 22, 2013 [Bankr. Case No. 09-82198, Doc. # 69]. On September 30, 2013, the Debtor filed a Motion to Reopen the Case [Bankr. Case No. 09-82198, Doc. # 71], claiming she was receiving communications from the Defendant, the Internal Revenue Service (the "IRS"), concerning the collection of prepetition taxes. The Debtor requested that the Court reopen the bankruptcy case in order that she might file an Adversary Proceeding against the IRS for violation of the discharge order. The Court granted the Motion to Reopen on October 31, 2013 [Bankr. Case No. 09-82198, Doc. # 75].

Debtor then commenced this adversary proceeding on January 10, 2014 with a Complaint Seeking Declaratory Relief [Bankr. Case No. 09-82198, Doc. # 77, Ap. Case No. 14-09004, Doc. # 1]. Plaintiff filed an Amended Complaint on April 18, 2014 (the "Amended Complaint") [Ap. Case No. 14-09004, Doc. # 12]. The Defendant filed an Answer to the Complaint on March 28,

where the IRS files a proof of claim or claims in a case, it submits to the personal jurisdiction of this Court with respect to matters related to the claim(s). See e.g., Scott v. United States (In re Scott), 437 B.R. 376, 380 n.8 (9th Cir. BAP 2010) (finding that, where the IRS files a proof of claim, it (and not the United States) subjects itself as a proper party to the bankruptcy case, and quoting United States v. Levoy (In re Levoy), 182 B.R. 827, 832 (9th Cir. BAP 1995), for the proposition that, "[a] creditor who offers proof of its claim, and demands its allowance, subjects himself to the dominion of the court, and must abide by the consequences."). Regardless, the Court has considered the Motion for Summary Judgment without objection in this case as filed by the United States on behalf of the IRS.

2014 [Ap. Case No. 14-09004, Doc. # 11], and an Answer to the Amended Complaint on June 3, 2014 (the "Answer") [Ap. Case No. 14-09004, Doc. # 15].

The Amended Complaint states that the Plaintiff listed the Defendant as a creditor in her Chapter 13 filing for tax liabilities owing for tax years 1993 to 2001. [Amended Complaint, at ¶ 6]. The Amended Complaint alleges that the Defendant filed three proofs of claim in the underlying bankruptcy case as follows (collectively, the "IRS Claims"): the first proof of claim, filed on March 26, 2010, listed $7,231.36 in unsecured priority tax debt for the periods of 200 and 2001 and $26,960.75 in general unsecured tax liabilities for years 1993, 1995, 1998, and 1999 (Claim #6-1); the second claim, filed on March 29, 2010, also listed $7,231,36 in unsecured priority tax debt for tax periods 2000 and 2001, and $26,960.75 in general unsecured tax liabilities for years 1993, 1995, 1998, and 1999 (Claim # 7-1); and the third claim, filed on April 8, 2010, listed $0.00 in priority tax liabilities for 2000 and 2001, and $0.00 in unsecured general claims for tax years 1993, 1995, 1998, and 1999 (Claim #7-2). Id. at ¶ 7-9.

The applicable deadline for filing a claim in the Debtor's bankruptcy case was June 8, 2010, and the IRS did not file any other claims. Id. at ¶ 7-9. In addition, the Amended Complaint asserts that the Trustee's Report of Filed Claims relied on Claim #7-2 when computing Debtor's total tax liability and listed it as $0.00 [Bankr. Case No. 09-82198, Doc. # 30]. Id. at ¶ 11.

Subsequent to discharge, the Plaintiff alleges she received numerous notices of overdue taxes for all tax years included in the IRS Claims. Id. at ¶ 12. The Debtor contends that, upon completion of the plan, all debt owed to the Defendant for the years 1993, 1995, 1998, 1999, 2000, and 2001 was discharged. Id. at ¶ 13. The Debtor requests that this Court enter judgment declaring as follows: (1) that Defendant's allowed claim should be no greater than $0.00; and (2)

that, to the extent any indebtedness to the Defendant remains, all of her indebtedness was fully discharged pursuant to 11 U.S.C. § 1328. Id. at Request for Relief, pp. 2-3.

In its Answer, Defendant does not dispute most of Plaintiff's assertions. The Defendant admits to filing three separate claims, but explains that the filing of the third claim, #7-2, was an attempt to erase Claim #7-1 which was duplicative of Claim #6-1. Answer, at ¶ 9. Therefore, Defendant did not amend or withdraw Claim #6-1, and intended to have Claim #6-1 survive. Id. As a result, Defendant denies that the debts owed to the IRS for tax years 1993, 1995, 1998, 1999, 2000, and 2001 were completely discharged. Id. at ¶ 13. Defendant argues in defense that the Plaintiff's federal tax liabilities are excepted from discharge under 11 U.S.C. § 523 (a)(1)(B)(ii). Id. at pg. 2. Defendant asserts in the Motion for Summary Judgment that tax claim should be excepted from the Debtor's discharge because the returns for each year listed should be considered filed within the two-year look back period described as outlined in Section 523(a)(1)(B)(ii) because such look back period is tolled during previous bankruptcy filings. Id.

On July 18, 2014, the United States filed its Motion for Summary Judgment [Doc. #19]. In the Motion for Summary Judgment, the United States details that, prior to the Debtor filing her current bankruptcy case, she previously was been a debtor in bankruptcy two other times. The Court has taken judicial notice of its own records. [2] The Court's records indicate that Plaintiff filed for bankruptcy on March 31, 2003, Bankr. Case No. 03-81126, and the case was dismissed on March 23, 2004 (the "First Bankruptcy Case"). The Plaintiff filed a second a second bankruptcy case on May 20, 2004, Bankr. Case No. 04-81546, and the case was dismissed on August 29, 2008 (the "Second Bankruptcy Case"). The Debtor commenced the current bankruptcy case on December 9, 2009, Bankr. No. 09-82198 (the "Current Bankruptcy

[2] See Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009); and Carson v. Holder, 815 F.Supp.2d 918, 922 n.8 (D.Md. 2011) (citing Thurman v. Robinson, No. 94-6998, 1995 WL 133350, at *2 (4th Cir. Mar. 28, 1995); and United States Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964)).

Case").

In the Current Bankruptcy Case, the IRS filed Claim #6-1 on March 26, 2010, which claim never was amended or withdrawn. On March 29, 2010, the IRS filed Claim #7-1, asserting the identical amounts as set forth in Claim #6-1, and attaching the identical exhibits for the identical tax years. On April 8, 2010, the IRS amended Claim #7-1 to reflect a claim in the amount of $0.00. Claim #6-1 was not amended or withdrawn by the IRS, and no objection to Claim #6-1 was filed or considered in the case.

On July 22, 2010, the Trustee filed his Report of Filed claims, stating that, "[p]ursuant to 11 U.S.C. § 704(5), the trustee has examined the proofs of claims filed in this case and objected to the allowance of such claims as appeared to be improper except where no purpose would have been served by such objection." (Report of Filed Claims [Bankr. Case. No. 09-82198 Doc. # 30] (the "Trustee's Report of Claims")). In the Trustee's Report of Filed Claims, the Trustee listed claims that "should be deemed allowed or 'not filed' as indicated" in the report. The IRS was listed three times in the report as follows: (1) $0.00 priority "AMENDED;" (2)$0.00 "NOTICES ONLY;" and (3) $0.00 "UNSECURED." Id. at pp. 2-3. The references to the priority claim and the unsecured claim specifically reference Claim #7, but do not mention Claim #6-1. Attached to the Trustee's Report of Claims is a "NOTICE OF FILING OF REPORT OF FILED CLAIMS," which specifically provides: "The foregoing Report of Filed Claims has been filed with the Bankruptcy Court based on an audit of claims filed in the Trustee's office. The claims are allowed unless objection is made by the Debtor or other party in interest. Any objection to a claim should be filed in writing with the Bankruptcy Court . . . ." Id. at p. 5. The report does not purport to object to any claims or to disallow any claims.

Defendant also provided exhibits showing that Plaintiff filed a federal tax return for 1995

on January 26, 2003 and a federal tax return for the remaining years listed on the claim on May 6, 2004 [Defendant's Motion for Summary Judgment, Exhibits 101-105].

**STANDARD OF REVIEW**

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; Celotex, 477 U.S. at 322. In considering a motion for summary judgment, the Court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 179, 183 (4th Cir. 2001). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. Celotex, 477 U.S. at 323. Once this initial burden has been met, the nonmoving party must then set forth specific facts sufficient to raise a genuine issue for trial. Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The Court also may consider any evidence in the record or submitted by the parties if it would be possible to introduce the evidence at trial. See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible into evidence."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). What matters is not that the parties submit evidence in support or opposition to the motion in an admissible form, but that the "substance or content of the evidence . . . be admissible . . . ." 11 James Wm. Moore et al., Moore's Federal Practice ¶ 56.91[2] (3d ed. 2014). Moreover, if a party fails to object to the inadmissibility of evidence offered in support of a motion for summary judgment, the Court may deem any

objection to admissibility waived and consider the evidence. See Fed. R. Evid. 103(a); see also Local Rule 7056-1(c) ("All facts set forth in the statement of the movant shall be deemed admitted for the purpose of the motion for summary judgment unless specifically controverted by the opposing party.").

**DISCUSSION**

There are no genuine issues of material fact in this case. In the Answer, Defendant admits all issues of fact relevant to the claim. The only remaining issue is whether the Defendant's claims were discharged. In this case, this issue may be determined as a matter of law on the undisputed facts set forth above, and therefore a determination of summary judgment is appropriate.

The record in the Current Bankruptcy Case shows that Defendant filed claim #6-1 to reflect its claim for the debts owed to the IRS for tax years 1993, 1995, 1998, 1999, 2000, and 2001, and that no objection to this claim ever was filed. On April 6, 2010, the Court entered its Order Confirming Plan (Current Bankruptcy Case [Doc. #24] (the "Plan")). The Plan provided that any timely filed priority claims of the IRS would be paid in full. Id. at Article III., ¶ 2.

The Trustee listed the IRS allowed claim of $0.00 in its Report of Filed Claims. Debtor apparently argues that any claim omitted from a Trustee's Report of Filed Claims has effectively been disallowed, see Amended Complaint, at ¶ 11, but the Debtor has not cited any authority to support such an argument. On the contrary, the Trustee's failure to object to the claim pursuant to 11 U.S.C. § 704(a)(5), incorporated by 11 U.S.C. § 1302, and a statement of $0.00 in claim amount allowed on the Trustee's Report of Filed Claims, does not cause either disallowance or discharge of the claim in bankruptcy. See In re Roberts, 279 F.3d 91, 93 (1st Cir. 2002) (stating that debtors were not "justified in construing any alleged representation by the chapter 13 trustee . . . as a concession that their completion of the payment schedule prescribed in their confirmed

plan relieved them of their clear responsibility" to complete tax payment as required by other provisions). The Debtor cannot rely upon the fact that the priority and unsecured claims contained in Claim #7 were listed at $0 on the Trustee's report of filed claims, fail to object to Claim #6-1, and then successfully maintain that Claim #6-1 either was disallowed or satisfied.

11 U.S.C. § 1328(a) discharges the debtor, after completion of all payments required under the plan, from all debts provided for by the plan, except any debt listed under § 1328(a)(1) – (4). Courts have widely held that the plain language of § 1328(a) requires not only that a debtor make all payments as required by the plan, but that those payments actually complete the plan as it is contemplated. See e.g., In re Roberts, 279 F.3d at 93 (rejecting the appellants' contention that chapter 13 entitles them to a discharge, even though payments did not complete the full plan, because they relied on chapter 13 trustee's and court's alleged representation of completion of specific provisions of the plan); In re Carr, 159 B.R. 538, 543 (D. Neb. 1993) (finding the debtor did complete 36 plan payments as required, but the payments did not equal the amount needed to pay 100% of the claims as required under 11 U.S.C. § 507). Here, because the plan provided for the IRS priority claim to be paid in full, the priority claim reflected in Claim #6-1 was not discharged because it was not paid in full as required by the confirmed plan.

As set forth above, § 1328(a) also excepts from discharge those debts listed in §§ 1328(a)(1) – (4). Section 1328(a)(2) specifically excepts from the discharge the kind of debt specified in §§ 507(a)(8)(C) or 523(a), including specifically 523(a)(1)(B). Therefore, the debtor should receive a discharge from the IRS debt unless the debt qualifies as an exception under 523(a)(1)(B) as provided in § 1328(a)(2). As a result, the Court must determine whether the debt reflected in Claim #6-1 is a debt of the type set forth in Section 523(a)(1)(B)(ii).

11 U.S.C. § 523(a)(1)(B)(ii) excepts from discharge any tax that "was filed or given after

the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition." In Young v. United States, 535 U.S. 43, 49 (2002), the United States Supreme Court held that the three year look-back period of 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i) was tolled during the pendency of a prior bankruptcy case. The Court used its equitable power under 11 U.S.C. 105(a) to find that the three year period of Sections 523(a)(1)(A) and 507(a)(8)(A)(i) were tolled for the time of a debtors' previous bankruptcy case. See Id. The court in In re Putnam, 503 B.R. 656, 659 (Bankr. E.D.N.C. 2014), extended the holding in Young with respect to Sections 523(a)(1)(A) and 507(a)(8)(A)(i) to the look-back period provided in 11 U.S.C. § 523(a)(1)(B)(ii). In Putnam, the court observed that the two year look-back period in § 523(a)(1)(B)(ii) is similarly subject to equitable tolling under either Sections 105(a) or 108(c) because it is an indistinguishable limitations period from the period in Sections 523(a)(1)(A) and 507(a)(8)(A)(i). See In re Putnam, 503 B.R. at 659 (finding functions served included providing IRS with a window to reasonably expect to collect on debt or perfect a lien and giving the debtor the ability to pursue a fresh start if the IRS does not act within that window to pursue its claim). Other courts have agreed that extending Young's rationale to 11 U.S.C. § 523(a)(1)(B)(ii) is proper, even though there is no tolling language in either Section 523(a)(8)(A)(i) or Section 523(a)(1)(B)(ii). See Hollowell v. IRS (In re Hollowell), 222 B.R. 790 (Bankr.N.D.Miss.1998) (finding the court may use its equitable power under 105(a) to toll the period set by statute); Tibaldo v. United States (In re Tibaldo), 187 B.R. 673 (Bankr.C.D.Cal.1995) (using 108(c) to toll the look-back period in order to prevent the debtor from shielding assets from tax liability); Teeslink v. United States, Dep't of the Treasury, IRS (In re Teeslink), 165 B.R. 708 (Bankr.S.D.Ga.1994) (stating that the court had reason to use 108(c) to toll the time period set by statute because Congress did not

intend for the taxpayer to escape tax liability by repeatedly filing for bankruptcy).

Here, the Plaintiff has been out of bankruptcy for a combined total of only one year and eight months since she filed her late return in January, 2003. Plaintiff was out of bankruptcy from March 23, 2004 to May 20, 2004. Plaintiff was again not a debtor in a case from August 29, 2008 to December 9, 2009. Plaintiff was out of bankruptcy for less than five months between filing tax returns for 1993, 1998, 1999, 2000, and 2001 and the filing of this case. This Court finds it appropriate to apply equitable tolling of the two year look-back period of 11 U.S.C. § 523(a)(1)(B)(ii) in order to avoid a result that allows the Debtor to hide assets from tax liability through numerous petition filings.

As a result, the filing of each of these tax return falls under the two year look-back period of 11 U.S.C. § 523(a)(1)(B)(ii). Accordingly, the tax debts represented in Claim #6-1 were excepted from the Debtor's discharge in this case.

For the reasons set forth herein, the Court will enter judgment contemporaneously within GRANTING Defendant's Motion for Summary Judgment, and determining that Plaintiff's federal tax liabilities for the years of 1993, 1995, 1998, 1999, 2000, and 2001 in the amount of $7,231.36 in unsecured priority debt and $26,960 in unsecured general debt are excepted from the Debtor's discharge in this case pursuant to 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328.

[END OF DOCUMENT]